IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY MONTILEONE,** **RICK A. FIRMAND,** **THOMAS W. FURLONG, JR.,** **KEVIN BLADOW,** and **CLAYTON THYGERSON**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **AAMCO TRANSMISSIONS, INC.,** **AMERICAN CAPITAL, LTD.,** **AMERICAN DRIVELINE SYSTEMS, INC.,** **AMERICAN DRIVELINE CENTERS, INC., MALON WILKUS, BRET BERO,** **MARC GRAHAM, MIKE SUMSKY,** **BRIAN O'DONNELL, and TODD LEFF,** <br><br> Defendants. | Case Number 3:13-CV-01217-JPG-SCW |

## JOINT MOTION TO CONTINUE THE SCHEDULING CONFERENCE

Pursuant to Fed. R. Civ. P. 26, the parties jointly move the Court to continue the scheduling conference and stay discovery and pretrial deadlines of the Federal Rules of Civil Procedure and Local Court Rules for the United States District Court for the Southern District of Illinois. As set forth below, the parties show good cause for the requested continuance:

1. The five named Plaintiffs filed this putative class action on November 22, 2013 [Doc. 2]. The Complaint alleges violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO") against multiple corporate entities and against several of those entities' individually-named current and former officers and directors.

2. In response to the Complaint, Defendants timely filed a Consolidated Motion to Dismiss [Docs. 30-31] on February 3, 2014. Plaintiffs' response to that Motion is due by March 10, 2014.

3. Importantly, the Motion seeks dismissal of all claims and raises threshold arguments regarding arbitration, lack of personal jurisdiction, and improper venue—all of which can and should be determined prior to the parties having to incur the expense of either class certification discovery or discovery on the merits. *Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming district court's order staying discovery pending disposition of outcome-determinative motion to dismiss); *Munson v. Gaetz*, 3:11-CV-159-GPM-DGW, 2013 WL 5526659 (S.D. Ill. Oct. 7, 2013) (staying discovery); *Barker v. Vill. of Cahokia*, 06-CV-830-DRH, 2007 WL 1757412 (S.D. Ill. June 19, 2007) (staying discovery to first resolve threshold questions of law); *see also* Federal Arbitration Act, 9 U.S.C. § 3 (requiring stay of proceedings where issues should be referred to arbitration).

4. The Court recently notified all parties that it has set an initial pretrial scheduling and discovery conference for February 21, 2014 [Doc. 25].[1]

5. Plaintiffs have indicated their intent, however, to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) on or before February 24, 2014, which is likely to result in the filing of a renewed motion to dismiss by Defendants. Also, the amended complaint may alter the scope and content of any class certification discovery or merits discovery.

6. Under these circumstances, a continuance would promote efficiency and the preservation of judicial resources because an amended complaint and/or decision on Defendants'

---

[1] Additionally, although Plaintiffs' Complaint is a putative class action alleging RICO violations, the Court placed this matter on Track C, instead of Track D, which has resulted in a presumptive trial month of May 2015 [Doc. 24]. The resulting highly-condensed timetable would require the parties to engage in class certification discovery and briefing immediately.

Motion to Dismiss may significantly streamline or eliminate these proceedings altogether. The power to continue or stay proceedings is incidental to the Court's inherent power to control its docket and consider the economy of time and effort for itself, for counsel and for litigants. *James v. Hyatt Regency Chicago,* 707 F.3d 775, 784 (7th Cir. 2013); *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S. Ct. 163 (1936).

7. Because this action is a putative class action, alleges complex RICO claims, and involves so many parties, both the class certification discovery and briefing and the discovery and dispositive motion briefing on the merits would be time-consuming and costly for both parties. If the parties had to maintain the currently-assigned schedule, based on the scheduling conference, they would have to engage in significant discovery and briefing immediately, only to have that time and expense wasted when the landscape of the litigation changes as the result of an amended complaint or the Court's order on either the pending Motion to Dismiss or any motion to dismiss an amended complaint.

8. Also, the Court would have expended its judicial resources on a matter that might be sent to arbitration, transferred to another venue, or dismissed altogether.

9. For all of these reasons, the parties respectfully request that the Court grant a continuance of the scheduling conference and stay discovery and other pretrial deadlines until further order of the Court.

Respectfully submitted this 11th day of February, 2014.

| | |
|---|---|
| **LAW OFFICE OF JONATHAN E. FORTMAN, LLC**<br>By:   /s/Jonathan E. Fortman<br>       Jonathan E. Fortman<br>       State Bar No. 40319<br>       jef@fortmanlaw.com<br>250 Saint Catherine Street<br>Florissant, MO  63031<br>Telephone: (314) 522-2312<br>Facsimile:  (314) 524-1519<br><br>*Counsel for Plaintiffs* | **PARKER, HUDSON, RAINER & DOBBS, LLP**<br><br>By:   /s/Trishanda L. Treadwell<br>       Ronald T. Coleman, Jr.<br>       Georgia Bar No. 177655<br>       rcoleman@phrd.com<br>       Admitted *pro hac vice*<br>       Trishanda L .Treadwell<br>       Georgia Bar No. 356896<br>       ttreadwell@phrd.com<br>       Admitted *pro hac vice*<br>285 Peachtree Center Avenue, NE<br>Suite 1500, Marquis II Tower<br>Atlanta, Georgia  30303<br>Telephone:  (404) 523-5300<br>Facsimile:   (404) 522-8409<br><br>**HEPLERBROOM LLC**<br>       Troy A. Bozarth<br>       Illinois Bar No. 6236748<br>       tbozarth@heplerbroom.com<br>       W. Jason Rankin<br>       Illinois Bar No. 6237927<br>       wjr@heplerbroom.com<br>P.O. Box 510<br>130 North Main Street<br>Edwardsville, IL  62025<br>Telephone:  (618) 656-0184<br>Facsimile:   (618) 656-1364<br><br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of February, 2014, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon the following counsel of record for Plaintiffs:

>Jonathan E. Fortman
>**LAW OFFICE OF JONATHAN E. FORTMAN, LLC**
>10 Strecker Road, Suite 1150
>Ellisville, MO 63011
>Telephone: (314) 522-2312
>Facsimile: (314) 524-1519
>E-mail: jef@fortmanlaw.com

>By: /s/Trishanda L. Treadwell

3179270_1